```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF GEORGIA
                      ATLANTA DIVISION
```

UNITED STATES OF AMERICA,       :     CRIMINAL INDICTMENT
                                :
                                :     CASE NO. 1:10-CR-086-9-RWS-ECS
v.                              :
                                :
KENEDIS BONILLA,                :
                                :

## REPORT AND RECOMMENDATION

This matter is before the Court on the Defendant's motions to suppress, as amended. [Doc. 344, 536]. The Court set the motions down for evidentiary hearing on May 12, 2011, and evidence was taken on the motions on that date. At the conclusion of the hearing, Defendant's counsel asked for time to review the transcript and file a brief or let the Court know that briefing was not necessary. A transcript of the hearing has now been prepared. [Doc. 550]. After review of the transcript, Counsel has advised the Court that briefing would not be necessary. As a result, the motions are now ready for a report and recommendation. For the reasons stated herein, the undersigned **RECOMMENDS** that the motions to suppress be **DENIED**.

The motion, as amended, challenges the admissibility of certain photographs taken of Defendant and statements made by him to an off-duty Dekalb County police officer not long after midnight on June 23, 2006, outside of the Club Chaparral on the Buford Highway. [Doc. 536]. Testimony was given at the hearing by Detective Aubrey Lyda

who testified that he was working off-duty at the nightclub on that date when he encountered Defendant in the parking lot in front of the Club. [T. 9].  Detective Lyda noticed Defendant's tattoos and asked him if he would talk to him "for a second." [T. 10-11  ]. Defendant agreed to talk. Detective Lyda asked Defendant about the tattoos and his possible affiliation with a gang called MS-13. [T. 11].  During this encounter, Detective Lyda asked Defendant if he could take photographs of Defendant, the tattoos on his hands and chest, and his driver's license. [T. 17]. Gov. Exh. 1,2,3,4,5. Defendant agreed to allow the photographs.  At the end of the encounter, Defendant went into the club.  [T.32]

The evidence from Detective Lyda revealed that the entire encounter outside the nightclub lasted maybe five minutes [T. 18]; that it was casual [T. 19]; that Defendant was cordial and polite and cooperative [T. 12, 19], and that he voluntarily pulled up his shirt to show his tattoos [T. 14-15]; that Defendant was not placed under arrest [T. 18]; that he was not handcuffed or restrained in any way [T. 16, 18]; that Defendant volunteered the information he gave the detective and talked freely to him during the encounter [T. 36].

Based upon the testimony adduced at the hearing, the Court concludes that the encounter between Detective Lyda and Defendant was a strictly consensual, noncustodial encounter that did not

implicate the Fourth Amendment or <u>Miranda v. Arizona</u>, 384 U.S. 436, 478-79 (1966)(Miranda applies to custodial interrogations). <u>See United States v. Jordan</u>, 635 F.3d 1181, 1186 (11th Cir. 2011)(Consensual encounters do not implicate the Fourth Amendment.) Defendant's path was not blocked or impeded; his identification was not retained; no weapons were displayed; he was not physically touched; the encounter was very brief; the encounter as a whole, including the tone of voice, was casual and not coercive. <u>Id</u>. By not filing a brief, Defendant has in essence acceded to these findings by not presenting argument. Accordingly, the motions to suppress [Doc. 344, 356] should be **DENIED**.

    **SO REPORTED AND RECOMMENDED**, this 9th day of August, 2011.

*/s/ E. Clayton Scofield III*
E. Clayton Scofield III
UNITED STATES MAGISTRATE JUDGE