IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| v. | : | NO: 1:10-CR-086-RWS-ECS |
| MIGUEL ALVARADO-LINARES, | : | |
| ERNESTO ESCOBAR, and, | : | |
| KENEDIS BONILLA | : | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' motions to dismiss for lack of subject matter jurisdiction, [Docs. 377, 392, 413]. Defendants seek a dismissal of the indictment, arguing that the allegations described in Count One, [Doc. 1, at 2-20], do not state an offense cognizable under the United States Constitution or the RICO statute, 18 U.S.C. § 1962(c). [Docs. 377, at 1-2; 392, at 1-2; 413, at 1-2]. For the reasons set forth herein, the undersigned recommends that the motions to dismiss for lack of subject matter jurisdiction be **DENIED**.

**I.
Background**

The Government has charged Defendants with various crimes, including membership in a racketeering conspiracy in violation of federal law. [Doc. 1, at 2]. The indictment alleges that Defendants were "engaged in ... activities ... which affected interstate and foreign commerce" in violation of 18 U.S.C. § 1962(c)("RICO") and that Defendants agreed and participated in an

enterprise engaged in a pattern of racketeering activity, including threats or acts of murder, kidnapping, and robbery. [Doc. 1, at 6]. Defendants contend that the limitations on the reach of federal jurisdiction under the Commerce Clause, which require a necessary nexus between the charged crimes and the federal government, prevent the Government from prosecuting Defendants for the aforementioned crimes. See generally [Doc. 392].[1] In its response, the Government counters that the indictment not only alleges that Defendants' activities affected interstate commerce, but also alleges facts that, if proven, would establish the necessary nexus between the activities of Defendants' enterprise and interstate commerce. [Doc. 427, at 1-2].

**II.**
**Motions to Dismiss for Lack of Subject Matter Jurisdiction**

In support of their argument that the allegations in Count One do not state a cognizable claim under RICO or the Constitution, Defendants rely on the United States Supreme Court cases of United States v. Lopez, 514 U.S. 549, 115 S.Ct. 1904 (1995); United States v. Morrison, 529 U.S. 598, 120 S.Ct. 1740 (2000); and Jones v. Unites States, 529 U.S. 848, 120 S.Ct. 1904 (2000). [Doc. 392, at

---

[1] Defendants' motions, [Docs. 377, 392, 413], set forth the same general argument with regard to the scope of the Commerce Clause and its relation to the instant indictment, namely, that the allegations do not support a finding that a sufficient link exists between interstate commerce and a federal crime.

2

2-14]. These cases set forth principled limitations on Congress's power under the Commerce Clause to regulate non-economic crimes "based solely on that conduct's aggregate effect on interstate commerce," see Morrison, 529 U.S. at 617-18. However, none of the cases cited by Defendants involve challenges to RICO or the congressional authority to regulate that which RICO makes unlawful. RICO prohibits participation in an enterprise engaging in activities that affect interstate commerce through a pattern of racketeering activity. See 18 U.S.C. § 1962(c). Cases in this circuit have interpreted the term "affect interstate commerce" in the RICO context as requiring "only a slight effect on interstate commerce." United States v. Flores, 572 F.3d 1254, 1267 (11th Cir. 2009) (citing United States v. Beasley, 72 F.3d 1518, 1526 (11th Cir. 1996)). The statute defines "racketeering activity" to include "any act or threat involving murder, kidnapping ... [or] robbery ... which is chargeable under State law." 18 U.S.C. § 1961(1). A pattern of such activity is established with proof of "at least two acts of racketeering activity." § 1961(5).

To the extent Defendants challenge the constitutionality of RICO by citing Lopez and its progeny, or, more particularly, whether the criminal conduct alleged is sufficient to establish an interstate nexus with commerce, the Court need not expound on these issues at this time. The indictment alleges a federal offense and

3

states that interstate commerce was affected by Defendants' criminal actions. [Doc. 1, at 6]. Moreover, the indictment alleges that Defendants were members of a racketeering enterprise and participated in a pattern of racketeering activity, including the commission of multiple acts of murder, kidnapping, and robbery – all of which, taken together, state a claim under RICO.[2] Id. Thus, the issue of whether the "conduct and connections to commerce alleged in the instant indictment do not and cannot create a direct, substantial economic effect on interstate commerce ... sufficient to justify a link to federal jurisdiction," [Doc. 392, at 12], is not ripe at this time. As stated, the indictment alleges a cognizable federal offense and that the underlying criminal acts affected interstate commerce. Should a question remain as to whether the Government has proved that the alleged criminal activities establish the necessary nexus to commerce, Defendants may raise this issue at trial or on appeal, as appropriate.

---

[2] The Government also contends that evidence will be presented at trial proving that Defendants' activities had at least a slight effect on interstate commerce. See [Doc. 427, at 4-5]. For example, the Government alleges that it will offer facts showing the enterprise procured and circulated firearms outside the state of Georgia, assisted other members in traveling to and from Georgia, and sent money to support gang activities in foreign countries. Id.

AO 72A
(Rev.8/82)

**IV.**
**Conclusion**

For the reasons set forth above, it is **RECOMMENDED** that the Defendants' motions to dismiss for lack of subject matter jurisdiction, [Docs. 377, 392, 413], be **DENIED**.

**SO REPORTED AND RECOMMENDED**, this 14th day of November, 2011.

                                      */s/ E. Clayton Scofield*
                                      E. Clayton Scofield III
                                      United States Magistrate Judge

AO 72A
(Rev.8/82)